**LTHIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of:
Almeter B. Robinson
(Decedent)

Laverne Robinson, Appellant,

v.

Martha Ann Robinson Aiken, Martha Ann Robinson as Trustee, Ronnie Randolph Robinson, Almeter Robinson Harrison and Mary Alice Robinson Green, Respondents.

Appellate Case No. 2019-001929

———————

Appeal From Kershaw County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-012
Heard June 15, 2022 – Filed January 11, 2023

———————

**REVERSED AND REMANDED**

———————

G. Robin Alley, of Isaacs & Alley, LLP, of Columbia, for Appellant.

Moultrie B. Burns, Jr., of Savage Royall & Sheheen, of Camden, for respondents Mary Alice Robinson Green,

Almeter Robinson Harrison, and Ronnie Randolph
Robinson.

Leonard R. Jordan, Jr., of Jordan Law Firm, of Columbia,
for Respondent Martha Ann Robinson Aiken,
Individually and as Trustee.

---

**PER CURIAM:**  Laverne Robinson (Laverne) appeals the circuit court's order affirming the probate court's grant of summary judgment in favor of Martha Ann Robinson Aiken (Martha), Ronnie Robinson (Ronnie), Almeter Patricia Robinson Harrison (Harrison), and Mary Robinson Green (Mary) (collectively, Respondents).  On appeal, Laverne argues the circuit court erred because genuine issues of material fact existed.  We reverse and remand.

## FACTS/PROCEDURAL HISTORY

On October 22, 1977, Willie Robinson (Willie) and Almeter Robinson (Almeter) created a trust and named Martha as trustee.  The trust directed Martha to hold the real property in trust for the benefit of Willie and Almeter during their lifetimes.  Upon their deaths, the trust directed Martha to distribute the real property equally to five of the Robinsons' children—Martha, Laverne, Ronnie, Harrison, and Mary.

On September 18, 1981, Almeter and Martha executed a document to amend the trust to provide that, upon Almeter's death, the land would be divided as follows: Martha, Ronnie, and Laverne would each receive one acre, and Martha, Mary, and Harrison would share two acres and a house on the property.  In 2002, Martha filed a plat of the trust property with Kershaw County, which divided the property into four tracts of land labeled lots one through four.  On March 7, 2002, Martha deeded Lots 3 and 4 to Ronnie.[1]  On November 15, 2004, Ronnie then deeded Lot 3 to Laverne.

Almeter passed away on February 25, 2017.[2]  Less than a month after her death, Laverne filed a complaint against his four siblings—Respondents—alleging the

---

[1] Although the deeds are not in the record, Laverne's complaint alleges that Martha also issued a second deed on March 2, 2002, conveying a two-thirds undivided interest in Lot 1 and Lot 2 to Mary and Harrison.  The complaint also alleges that on February 25, 2004, Mary and Harrison executed a deed returning the two-thirds interest in Lots 1 and 2 back to Martha.

[2] The record does not show when Willie passed away.

1981 trust amendment was invalid and void because Almeter did not reserve the right to revoke or modify the trust and she did not seek or obtain court approval to modify the trust. Laverne requested the probate court set aside any deeds filed after the purported trust amendment and to require Martha to execute a deed conveying the entire trust property equally to the siblings as tenants in common.

Martha filed a motion for summary judgment, arguing Laverne was barred by estoppel—specifically, equitable estoppel and estoppel by deed—from challenging the validity of the deeds as a consequence of his acceptance of Lot 3. Martha asserted Laverne did not object to the division of the parcel, exclusively possessed the land for more than a decade, and paid the real property taxes on Lot 3, which had been billed in his name from 2005 to present. The motion for summary judgment included an affidavit from Martha, an affidavit from Chover Baskin, and an affidavit completed by Ronnie, Harrison, and Mary. Martha attested she issued the 2002 deeds at the request of Almeter, Laverne never complained about the way Respondents divided the parcel, and Laverne received more property than the equal share he would have received under the original trust. She further attested the deed conveying Lot 2 to her was appropriate because the parcel contained the family home, and she and Mary paid for the construction costs of the home. Baskin attested Mary and Martha paid him to build the home located on Lot 2. Ronnie, Harrison, and Mary attested Laverne received more than his equal share, Laverne never complained about his ownership of Lot 3, the purported trust amendment evidenced Almeter's intent for the home not to go to Laverne, and Ronnie relied on the deed and built a home on his lot.

Laverne filed a "Motion Brief" in response, again arguing that each deed was void on its face because it was executed prior to the death of Almeter without court approval. He asserted equitable estoppel did not apply because Respondents' affidavits failed to show any deceptive act by him that changed their position to their detriment. Laverne also contended estoppel by deed was inapplicable because he was not a party to any of the three deeds he was challenging: the deed from Martha to Ronnie, the deed from Martha to Mary and Harrison, and the deed from Mary and Harrison back to Martha.

The probate court granted the summary judgment motion, finding "no Affidavit in opposition to the Motion was filed by or on behalf of [Laverne]" and that, after considering the affidavits and arguments of counsel, there were no genuine issues of material fact.

Laverne appealed the probate court's decision to the circuit court, which affirmed. The circuit court indicated the probate court only made two findings in its order:

(1) Laverne failed to file an affidavit in opposition of the motion and (2) there were no genuine issues of material fact. As a result, the circuit court found that the probate court's order "made no specific findings of fact" and there was "no Motion under Rule 59(e)[, SCRCP] to preserve any such matters for appeal." It further concluded that, "[d]ue to [Laverne's] failure to defend against Respondents' Motion by serving an Affidavit, with specific facts showing there is a genuine issue for trial, the lower court had no information before it with which to conclude that the [m]otion should not be granted."

Laverne filed a motion for reconsideration because the order "contained an error of law when it concluded there was nothing in the record to support [his] position." The circuit court denied Laverne's motion. This appeal followed.

## ISSUE ON APPEAL

Did the circuit court err in affirming the probate court's order granting Respondents' motion for summary judgment against Laverne?

## STANDARD OF REVIEW

"In reviewing a grant of summary judgment, our appellate court applies the same standard as the trial court under Rule 56(c), SCRCP." *Woodson v. DLI Properties, LLC*, 406 S.C. 517, 528, 753 S.E.2d 428, 434 (2014). A trial court may properly grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party." *Brockbank v. Best Cap. Corp.*, 341 S.C. 372, 378-79, 534 S.E.2d 688, 692 (2000).

## LAW/ANALYSIS

### A. Preservation

Laverne asserts his arguments are preserved for appeal because, although the probate court issued a "bare bones" order, the court had to base its ruling on the grounds set forth in Respondents' motion—equitable estoppel and estoppel by deed—and he filed a motion brief responding to those arguments. We agree.

"In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court." *In re Michael H.*, 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004). "In other words, the trial court must be given an opportunity to resolve the issue before it is presented to the appellate court." *Id.* "A party must file [a Rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review." *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (emphasis omitted).

Initially, we observe that it is unclear from the probate court's order what the basis was for its ruling.[3] However, the natural conclusion from the record before us is that the probate court ruled on the arguments alleged by Respondents in their motion and those argued in Laverne's response. Therefore, we find the probate court ruled on the arguments of equitable estoppel and estoppel by deed and Laverne's arguments are preserved for appellate review. *See e.g., Spence v. Wingate*, 381 S.C. 487, 489-90, 674 S.E.2d 169, 170 (2009) (when trial judge's order granted respondents' motion for summary judgment on precisely the grounds argued by respondents at summary judgment hearing, but did not restate the ground on which appellant opposed the motion, the ruling was sufficient to preserve appellant's argument, and appellant was not required to file a Rule 59(e), SCRCP motion to preserve the issue for appeal). Thus, the circuit court erred by affirming the granting of summary judgment on preservation grounds.

### B. <u>Summary Judgment</u>

Laverne contends the circuit court's finding that he failed to defend against Respondents' motion by serving affidavits with specific facts showing there is a genuine issue for trial was error because (1) the affidavits presented by Respondents did not contradict the facts set forth in his complaint and (2) his brief set forth his position against the summary judgment motion. He further argues the affidavits submitted by Respondents failed to show he should be estopped from challenging the validity of the deeds. Specifically, Laverne asserts the doctrine of estoppel requires evidence of concealment of material facts or false representations

---

[3] Rule 52, SCRCP, provides that "[f]indings of facts and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 . . . ." *See also Kinghorn as ex rel. Mildred Ann Kinghorn Tr. dated 28 Apr. 2004 v. Sakakini*, 426 S.C. 147, 151, 825 S.E.2d 748, 750 (Ct. App. 2019) ("Thus, pursuant to Rule 52(a), SCRCP, the circuit court is not required to state its findings of fact and conclusions of law in decisions on motions to dismiss [and] summary judgment motions . . . .").

that cause prejudice to the opposing party, and Respondents failed to show any such conduct by Laverne. He contends Respondents' defense of estoppel by deed also failed because it is used to preclude a "party to the deed" and Laverne was not a party to any of the deeds he is challenging in this litigation. We agree.

"Under Rule 56(c), the party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact." *Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). "Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings." *Regions Bank v. Schmauch*, 354 S.C. 648, 660, 582 S.E.2d 432, 438 (Ct. App. 2003). "[T]he nonmoving party must come forward with specific facts showing there is a genuine issue for trial." *Id.* "Rule 56(e) specifically prohibits the nonmoving party from resting upon the mere allegations or denials of its pleadings." *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991); *see also* Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). However, "[s]ummary judgment should not be granted even when there is no dispute as to evidentiary facts if there is dispute as to the conclusion to be drawn from those facts." *Brockbank*, 341 S.C. at 378, 534 S.E.2d at 692.

"The burden of proof is upon the party who asserts an estoppel." *S.C. Nat. Bank, Greenville v. Hammond*, 260 S.C. 622, 630, 198 S.E.2d 123, 128 (1973).

> The essential elements of estoppel as related to the party estopped are: (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts.

*S. Dev. Land & Golf Co. v. S.C. Pub. Serv. Auth.*, 311 S.C. 29, 33, 426 S.E.2d 748, 750 (1993). "Estoppel cannot exist if the knowledge of both parties is equal and nothing is done by one to mislead the other." *Evins v. Richland Cnty. Historic Pres. Comm'n*, 341 S.C. 15, 20, 532 S.E.2d 876, 878 (2000). "Estoppel by deed

precludes a party to a deed from asserting as against the other any right or title in derogation of the deed, or from denying the truth of any material fact asserted in it." *Id.*

We hold the circuit court erred in affirming the probate court's grant of summary judgment on the basis that the probate court "had no information before it with which to conclude that the [m]otion should not be granted."

First, we find Respondents failed to meet their initial burden of demonstrating the absence of a genuine issue of material fact under the theory of equitable estoppel. *See Woodson*, 406 S.C. at 528, 753 S.E.2d at 434 ("In reviewing a grant of summary judgment, our appellate court applies the same standard as the trial court under Rule 56(c), SCRCP."); *Lanham*, 349 S.C. at 361, 563 S.E.2d at 333 ("Under Rule 56(c), the party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact."). We acknowledge Laverne did not dispute the facts as alleged in Respondents' affidavits; however, he contended the facts failed to meet the elements of the affirmative defenses asserted. We agree and find that, when viewing the facts in the light most favorable to Laverne, Respondents' affidavits failed to show Laverne's conduct amounted to a false representation or concealment of material facts. *See Brockbank*, 341 S.C. at 378-79, 534 S.E.2d at 692 ("In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party."); *S. Dev. Land & Golf Co.,* 311 S.C. at 33, 426 S.E.2d at 750 (explaining one essential element of estoppel is "conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert"); *Brockbank*, 341 S.C. at 378, 534 S.E.2d at 692 ("Summary judgment should not be granted even when there is no dispute as to evidentiary facts if there is dispute as to the conclusion to be drawn from those facts."). Respondents' affidavits allege Laverne never complained to them and continued to pay taxes on Lot 3, which we do not perceive to be false representation or concealment. Accordingly, we hold the circuit court erred in affirming the probate court's granting of summary judgment on the basis of equitable estoppel.

Second, we find Respondents failed to meet their burden to show the doctrine of estoppel by deed should apply because Laverne was not a party to the deeds he challenged. *See Evins*, 341 S.C. at 20, 532 S.E.2d at 878 ("Estoppel by deed precludes *a party to a deed* from asserting as against the other any right or title in derogation of the deed, or from denying the truth of any material fact asserted in

it." (emphasis added)).  In his complaint, Laverne challenged three deeds: the deed from Martha to Ronnie[4]; the deed from Martha to Mary and Harrison, and the deed from Mary and Harrison back to Martha.  Therefore, the circuit court erred in affirming the probate court's grant of summary judgment on the basis of estoppel by deed.

Additionally, we are concerned because it appears that both the probate court and the circuit court switched the burden of proof to Laverne by requiring him to provide facts to disprove Respondents' affirmative defenses.  *See Hammond*, 260 S.C. at 630, 198 S.E.2d at 128 ("The burden of proof is upon the party who asserts an estoppel.").  Although we acknowledge Laverne's motion brief did not constitute evidence, we are troubled by the circuit court's conclusion that Laverne's failure to defend "by serving an Affidavit, with specific facts showing there is a genuine issue for trial" was grounds for affirming the probate court's order.  Failing to file an affidavit alone does not dispose of a summary judgment motion. Moreover, the circuit court erred by finding the probate court had no information to deny the summary judgment motion.  *See* Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, *if appropriate*, shall be entered against him." (emphasis added)).  We recognize it is possible the probate court reviewed the record and relied on a general equitable argument for granting summary judgment. Nevertheless, there is not enough in the record for us to make this determination.

Additionally, because Laverne was only able to respond to the defenses of equitable estoppel and estoppel by deed at summary judgment, this court declines to rule on other equitable principles—such as the doctrine of laches—in order to give him a full opportunity to be heard.  Thus, we remand to the probate court for further proceedings as it deems necessary.[5]

**CONCLUSION**

---

[4] We acknowledge the deed from Martha to Ronnie contained Lot 3, which was then deeded to Laverne in 2004.

[5] At oral arguments, this court offered to hold the case in abeyance for thirty days in order for the parties to resolve the matter as a family; however, it appears the parties have not reached a resolution at this time.

Accordingly, we reverse the grant of summary judgment and remand to the probate court for further proceedings.

**REVERSED AND REMANDED.**

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**